**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LEE EDWARD SZYMBORSKI,

        Plaintiff,

vs.

THE STATE OF NEVADA, et al.,

        Defendants.

Case No. 2:22-cv-01164-JAD-VCF

**ORDER**

MOTION FOR ENTRY OF CLERK'S DEFAULT (EFC NO. 13)

Pro se plaintiff Lee Edward Szymborski filed a motion for entry of clerk's default. ECF No. 13. The defendants filed a response. ECF No. 15. I deny Szymborski's motion.

**I.    Background**

Plaintiff claims that he served all the defendants on November 14, 2022, and that the defendants did not file a response within 21 days. ECF No. 13. The defendants argue in their response that the plaintiff did not properly serve them and good cause exists to reject entry of default. ECF No. 15. The defendants also filed a motion to dismiss shortly after filing their response. ECF No. 16. Plaintiff argues in the reply that he did serve the defendants.

**II.    Analysis**

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and,

second, once the clerk has entered a default, the moving party may then
seek entry of a default judgment against the defaulting party.

See *Goldberg v. Barreca,* No. 2:17-CV-2106 JCM (VCF), 2020 U.S. Dist. LEXIS 33229, at 6 (D. Nev. Feb. 26, 2020), citing to *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

"Normally, an appearance in an action involves some presentation or submission to the court. But because judgments by default are disfavored, a court usually will try to find that there has been an appearance by defendant*." Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc*., 840 F.2d 685, 689 (9th Cir. 1988); see also *Wilson v. Moore & Assocs., Inc*., 564 F.2d 366, 369 (9th Cir. 1977) ("The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.").

I need not decide whether the defendants were properly served to decide this motion because the defendants have now made an appearance by filing a motion to dismiss this case on the merits. The defendants have indicated a clear purpose to defend this suit. I find that the defendants have shown good cause. Since default is disfavored and cases should be decided on the merits, I deny plaintiff's motion for entry of default with the clerk.

ACCORDINGLY,

I ORDER that Szymborski's motion for default (ECF No. 13) is DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 17th day of January 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE