UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lee Edward Szymborski,<br><br>    Plaintiff<br><br>v.<br><br>The State of Nevada, et al.<br><br>    Defendants | Case No.: 2:22-cv-01164-JAD-VCF<br><br>**Order Granting Motions to Dismiss**<br><br>[ECF Nos. 10, 16, 28, 30] |

Pro se plaintiff Lee Edward Szymborski contends that Nevada state court judges and justices failed to accommodate his cognitive disabilities during his 2014 lawsuit against the Spring Mountain Treatment Center. He sues all levels of the state-court system for the decisions that resulted in that failure, along with the State of Nevada and its Attorney General and former governor. Across two motions to dismiss, the defendants argue that Szymborski's accommodation claims fail because the targeted defendants lacked the ability to control the decisions of the district judges presiding over his case, Szymborski's allegations are too thin to state a plausible claim, and his claims are barred by the doctrine of judicial immunity.[1] Because I find that judicial immunity shields the judges' conduct at the foundation of Szymborski's suit, and Ninth Circuit authority makes it clear that all claims based on that immunized conduct are barred, I dismiss all of his claims and close this case.[2]

---

[1] ECF No. 12 at 5; ECF No. 16 at 15–21.

[2] Clark County didn't submit a reply, presumably because both of Szymborski's responses were filed as oppositions to the state defendants' motion. ECF No. 20; ECF No. 22. But I find that any reply is unnecessary, so I consider Szymborski's arguments as to Clark County's points, too.

**Factual Background**

In 2014, Lee Edward Szymborski sued the Spring Mountain Treatment Center in the Eighth Judicial District Court for Clark County, Nevada, for negligence and medical malpractice related to the discharge of his son from psychiatric care.[3] The district judge, Hon. Joanna Kishner, dismissed the case because Szymborski didn't provide the medical-expert affidavit that Nevada law requires for medical-malpractice actions, but the majority of a Nevada Supreme Court panel reversed in part on appeal after finding that the gravamen of some of his claims was ordinary negligence, not medical malpractice.[4] After remand, Szymborski's case was eventually transferred to a different district judge, Hon. Trevor Atkins.[5] Szymborski alleges that both judges were hostile to his case and discriminated against him with adverse rulings that ignored his need for accommodations for "cognitive mental disabilities."[6]

Liberally construing Szymborski's allegations,[7] he avers that he is cognitively impaired and legally blind and those disabilities required him to rely on a licensed companion driver for transportation to the court, use larger font in filings, and take additional time to pursue litigation activities.[8] Szymborski theorizes that the district judges knew this but ignored or rejected his requests to reset trial and stay discovery to allow him "to acquaint himself with and learn the Nevada Rules of Civil Procedure"; shamed him about his disability and his filing a grievance in open court; and granted his opponent summary judgment on the ground that he failed to timely

---

[3] *See Szymborski v. Spring Mountain Treatment Ctr.*, 403 P.3d 1280 (Nev. 2017).
[4] *Id*.
[5] ECF No. 5 at 14 (complaint).
[6] *Id*. at 13–14.
[7] Szymborski's complaint is 148 pages long. The factual allegations are sandwiched between scores of pages of his state-court filings and other items—and often repetitive. *See generally id.*
[8] *Id*. at 10, 17, 23.

2

respond because he had transportation-scheduling difficulties in getting to the court to file his opposition.[9] He suggests that Nevada Court of Appeals and the Nevada Supreme Court compounded that discrimination by denying his emergency motion to stay the district-court proceedings and to compel the offending district judges to provide the accommodations he'd moved for.[10]

     Szymborski doesn't sue Judges Atkins or Kishner, but their alleged discrimination is the factual epicenter of his complaint. He brings claims for violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA)[11] against (then) Eighth Judicial District Court Chief Judge Linda Marie Bell, (then) Nevada Supreme Court Chief Justice James W. Hardesty, Nevada Court of Appeals Chief Judge Michael P. Gibbons, (then) Governor Stephen F. Sisolak, and Attorney General Aaron Ford in their official capacities for failing to properly oversee these district-court judges and redress their alleged violations. He also lodges those claims against the Nevada Administrative Office of the Courts, Nevada's Eighth Judicial District Court and its administration, the Nevada Court of Appeals, the Nevada Supreme Court, and the State of Nevada Department of Administration (collectively, "the state defendants"); and Clark County, too.[12] He seeks injunctive and declaratory relief, as well as compensatory and punitive damages.[13]

---

[9] *Id.* at 6, 23.

[10] *Id.* at 37–41.

[11] *See id.* at 97 (identifying his two counts as "repeated violations of" the ADA and RA).

[12] *Id.* at 75.

[13] *Id.* at 99–100. Though the complaint barely mentions Nevada Court of Appeals Judge Gibbons and Nevada Supreme Court Justice Hardesty, they dismissed Szymborski's appeals and affirmed summary judgment against him, according to appellate records exhibited to or incorporated by reference in the complaint. ECF No. 16-3; ECF No. 16-4; ECF No. 16-5.

Clark County moves to dismiss the claims against it, arguing that the district-court judges' immunity from suit requires the dismissal of the derivative claims against it, too. And because the county had no control over the judicial decisions that Szymborski complained of and thus was not in a position to provide the accommodations he sought, his claims against the county fail.[14] For their part, the state defendants move to dismiss for myriad reasons, but mainly because his claims are barred by judicial immunity.[15]

## Discussion

### A. Judges enjoy judicial immunity from ADA and RA claims arising from their in-court refusals to accommodate a litigant with a disability.

Judges are entitled to absolute immunity from civil liability for "acts committed within their judicial jurisdiction."[16] This immunity arises from the principle "that judges should be free to make controversial decisions and act upon their convictions without fear of personal liability."[17] Although it "does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on occasion be assigned to perform,"[18] it applies even if a judge "takes actions [that] are in error, . . . done maliciously, or . . . [performed] in excess of

---

[14] ECF No. 12 (county's motion to dismiss).

[15] ECF No. 16 (state defendants' motion to dismiss). The state defendants also move to strike what's labelled as Szymborski's "response" to their reply in support of their motion to dismiss, ECF No. 26, arguing that Szymborski had already filed an opposition to their motion, and he did not leave for further briefing. ECF No. 28 at 2; *see* ECF Nos. 20, 22. Szymborski contends that he filed what really is a surreply at the direction of a minute order calling for an opposition after he had already filed his proper responses. ECF No. 30 at 2; ECF No. 24. Regardless of whether that surreply was authorized or properly filed, it essentially duplicates the arguments and information in his responses, so I find no harm in considering the additional brief and deny the motion as moot.

[16] *Pierson v. Ray*, 386 U.S. 547, 554 (1947).

[17] *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

[18] *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001).

4

[the judge's] authority."[19] Even "grave procedural errors . . . are not enough to deprive" a judge of absolute immunity.[20] To determine whether an act is a judicial one, courts evaluate whether (1) it is typically a judicial function, (2) "the events occurred in the judge's chambers," (3) the dispute "centered around a case then pending before the judge," and (4) "the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."[21]

Applying these factors, the Ninth Circuit held in *Duvall v. County of Kitsap* that a state-court judge was immune from ADA and RA liability for his failure to accommodate a litigant's disability.[22] Duvall claimed that a hearing impairment left him unable to meaningfully participate in his family-law case, so he requested a "videotext display" as an accommodation during his hearings.[23] On the first day of his family-court trial, Duvall's attorney made a motion "requesting videotext display to accommodate Duvall's hearing impairment."[24] The family-law judge denied the motion, explaining that his court had "not progressed to that technical degree" yet and that he assumed "if Mr. Duvall wished to have that service available[,] he [could] provide that service for himself."[25] But the judge allowed Duvall to move around the courtroom in an effort to better hear the testimony—an alternative that Duvall claimed only made matters worse and "prevented him from meaningfully participating in the trial."[26]

---

[19] *Id.*
[20] *Ashelman v. Pope*, 793 F.2d 1072, 1077 (9th Cir. 1986).
[21] *Id.*
[22] *Id.*
[23] *Id.* at 1130.
[24] *Id.* at 1131.
[25] *Id.*
[26] *Id.* at 1132.

In Duvall's failure-to-accommodate suit, the district court granted summary judgment to the family-law judge on the ground of judicial immunity, and the Ninth Circuit affirmed. The panel concluded that the family-law judge "was acting in a judicial capacity when he refused to accommodate Duvall."[27] It reasoned that the judge "learned of the request at trial, the motion was made while the judge was "presiding over . . . [that] case"; the judge considered whether providing the accommodation would "delay[] the start of the trial"; and "[r]uling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session."[28] So the Ninth Circuit held that the judge was "entitled to absolute judicial immunity" from Duvall's ADA and RA claims.[29] *Duvall* thus stands for the proposition that a judge who denies accommodations to a litigant during court proceedings is shielded from ADA and RA claims based on the judicial-immunity doctrine.

**B.  The alleged violations by the judges in Szymborski's state-court litigation constitute judicial acts immune from suit.**

The similarities between this case and *Duvall* compel the conclusion that the acts of all the judicial officers in Szymborski's state-court action are immune from suit just like those of Duvall's family-court judge. The instant suit arises entirely from Szymborski's 2014 state-court litigation, *Szymborski v. Spring Mountain Treatment Center*. As Szymborski explains, he "files this action" to "remedy discrimination in his efforts to pursue damages of a patient[-]dumping psychiatric hospital, Spring Mountain Treatment Center[,] in District Court, since May

---

[27] *Id*. at 1133.
[28] *Id.*
[29] *Id.*

6

2014 . . . ."[30]  The alleged facts of that "discrimination,"[31] beginning under the heading "PROCEDURAL HISTORY OF REPEATED VIOLATIONS OF TITLE 11 (ADA) AND THE REHABILITATION ACT, IN CHRONOLOGICAL ORDER"[32] are disputes with judicial rulings or state judges' refusals to provide relief that Szymborski asked for within those judicial proceedings:

- Szymborski filed an appeal on 8/25/14 because Judge Kishner "erroneously dismissed" his complaint in the Spring Mountain Treatment Center case. ECF No. 5 at 11:12–17.
- The Nevada Supreme Court reversed and remanded in 2017. *Id*. at 12:1–5.
- On remand, Judge Kishner "was hostile" and "repeatedly dismissed" his negligence claims, "ignoring" the Nevada Supreme Court's remand order. *Id*. at 12:14–19.
- Szymborski suffers from cognitive impairments and "permanent legal blindness in his right eye." *Id*. at 10–11.
- The court "was fully aware of" his "mental and physical disabilities." *Id*. at 12:21–22.
- Judge Kishner made it clear to both sides that she disliked Szymborski's case "and acted with discriminatory animus." *Id*. at 12–13.
- After Szymborski lost his attorney in 2019, he "was dependent on Celia Ramirez[,] his licensed senior companion appointed by Catholic Charities, being sole transportation to" the courthouse "and was dependent on her scheduling." *Id*. at 13:15–23.
- Judge Kishner "ignored" his "motion to reset trial to a jury trial," called it a "rogue pleading," and "vacated the hearing without any other reasonable accommodations for his transportation scheduling difficulties . . . ." *Id*. at 13–14.
- (Then) Chief Judge of the Eighth Judicial District Court, Linda Bell, "had the responsibility to redress the alleged violations" but failed to "properly supervise" Judge Kishner. *Id*. at 14:6–18.
- The case later got transferred to Judge Trevor Atkin to consider Szymborski's third "motion to reset trial to a jury trial," but he "dismiss[ed]" the motion, "stating it was

---

[30] ECF No. 5 at 6.

[31] The vast majority of Szymborski's allegations are conclusory ones untethered to details of specific conduct by specific actors.

[32] ECF No. 5 at 11.

7

not filed . . . on time and acted in a hostile manner." *Id*. at 14–15.

- Szymborski "explained orally to the court that he is dependent on Celia Ramirez, his licensed senior companion, for transportation to the clerk's office to file his motions and requested a reasonable accommodation to coordinate with her schedule and is not a registered electronic file and doesn't check his emails all the time." *Id*. at 15: 2–7 (cleaned up).

- Judge Atkins held a hearing on Szymborski's motion to stay discovery on 11/12/19 and denied it, despite accommodation requests. *Id*. at 17–18. The judge also "knew" about Szymborski's blindness "but harassed Plaintiff for the 16-point type, embarrassing plaintiff in front of the other attorneys present." *Id*. at 23:8–14 (cleaned up).

- Szymborski appealed, and the Nevada Supreme Court dismissed the appeal; he also filed an emergency motion for relief, but the Nevada Supreme Court denied it, all "condoning the discrimination." *Id*. at 18:16–23; 40:1–7.

- On 3/6/20, Szymborski reported Atkin's violations to the Clark County ADA Coordinator and Office of Diversity. The response was "there is nothing more for the office of diversity to do in this regard." *Id*. at 24:9–26.

- In February 2020, the Spring Mountain Treatment Center filed a motion for summary judgment. At the hearing on that motion the following month, the judge "yelled at plaintiff for filing the complaint against him with the Office of Diversity." This caused Szymborski to "suffer[] extreme humiliation in front of the other Attorneys present . . . ." *Id*. at 64. The judge also "rudely cut[] off plaintiff in his oral argument statement" and granted the motion "stating Plaintiff failed to timely respond to Defendant's requests for admissions and failed to" file a timely opposition. *Id*. at 65.

- Judge Atkin "ignored all of plaintiff's attempts for a reasonable accommodation for the court to coordinate with his senior companion motivated by discrimination and retaliation." *Id*.

- On 7/21/22, the Nevada Court of Appeals denied Szymborski's petition for rehearing, thus refusing "to correct" the discrimination by the various state courts. *Id*. at 75–87 (reprinting and incorporating the petition for rehearing itself).

- Szymborski also contacted the Nevada Administrative Office of the Courts and demanded that it "instruct the chief Justice to be following the ADA, Title 11, and instruct DEFENDANT NEVADA COURT OF APPEALS to remand Plaintiff's case with instructions to provide him with reasonable accommodations and effective communication as spelled out in the appeal and motion for reconsideration." *Id*. at 76.

- Former Governor Stephen F. Sisolak has "the ability to redress the alleged violations, but instead condoned them" and conspired with Attorney General Aaron Ford "to compel the State Courts to dismiss and get rid of Plaintiff's case because Nevada does not want to spend money on mentally ill psychiatric patients . . . ." *Id*. at 9.

As the Supreme Court explained in *Mireles v. Waco*, to determine whether an act is judicial and thus immune from suit, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'"[33] So "we look to the particular act's relation to a general function normally performed by a judge . . . ."[34] An act is a judicial one if "it is a function normally performed by a judge" and the parties were dealing with the judge in his or her "judicial capacity."[35]

Though the *effect* that Szymborski alleges is discrimination and retaliation, the *nature* and *function* of the acts that he claims caused that effect are entirely judicial. These acts were performed by judges, in the courtroom, in the course of litigation, or during oral arguments; and they involve the denial of motions, petitions, and requests for relief made to judges within an ongoing lawsuit or appeal. Nearly each of these complained-of acts involved a ruling on a motion or the refusal to reverse or reconsider such a ruling. Indeed, Szymborski reprinted within his 148-page complaint 9 state-court filings that he alleges should have resulted in relief, but didn't.[36] Each of these allegedly discriminatory and violative rulings—as the Ninth Circuit explained in *Duvall*—"is a normal judicial function, as is exercising control over the courtroom while the court is in session."[37] Thus, all of Szymborski's claims are rooted in judicial acts that are absolutely immune from suit.

---

[33] *Mireles v. Waco*, 502 U.S. 9, 13 (1991).
[34] *Id*.
[35] *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).
[36] *See generally* ECF No. 5.
[37] *Duvall*, 260 F.3d at 1133.

These acts remain judicial and immune from suit even if, as Szymborski theorizes, they violated his rights under the ADA and RA. As the Supreme Court explained in *Stump v. Sparkman*, the result of the act is not dispositive, so the fact that a ruling may be "so unfair" or "totally devoid of judicial concern for the interests and well-being" of a litigant or others does not strip it of immunity.[38] Judicial immunity shields even rulings motivated by "bad faith or malice."[39]

**C. Because the judicial acts of Judges Kishner and Atkin are the root of all of Szymborski's claims, full dismissal is appropriate.**

Szymborski doesn't sue the judges individually for these alleged violations. Instead he sues their courts, the State of Nevada, and various state and county agencies for their conduct. He also sues Nevada's former governor; Nevada's Attorney General; and the chief judicial officers of the Nevada Supreme Court, Nevada Court of Appeal, and Eighth Judicial District Court—making it clear on page 98 of his complaint that they are sued "in their Official Capacities" only.[40] But the absolute judicial immunity that would bar claims against these judges in their personal capacity also bars the claims against all other defendants that Szymborski targets with this suit.

The Ninth Circuit illustrated this point in *Lund v. Cowan*. A Los Angeles probate judge denied Bradford Lund's claim to the family fortune amassed by his grandfather, Walt Disney, commenting "that he would not give money to someone who 'may suffer, on some level, from Down Syndrome.'"[41] The judge instead *sua sponte* appointed a guardian ad litem over Lund

---

[38] *Stump*, 435 U.S. at 363.
[39] *Mireles*, 502 U.S. at 11.
[40] ECF No. 5 at 98.
[41] *Lund v. Cowan*, 5 F.4th 964, 967, 970. (9th Cir. 2021).

10

without a hearing.[42] Lund sued the judge and his court for violations of his due-process rights and the ADA.[43]

The district court dismissed the whole suit based on judicial immunity, and the Ninth Circuit panel affirmed. It found that the judge's comment, though "troubling," was a judicial act to which absolute immunity applied because it was made "from the bench during an official settlement[-]approval hearing in a probate case" and "directly related to" the judge's "efforts to decide whether to approve" the agreement.[44] And because Lund sought to hold the Superior Court liable based on the same judicial conduct, the doctrine also barred the ADA claim against the court. The Ninth Circuit reasoned that, because the law does not hold an employer vicariously liable for an employee's conduct that is not legally actionable, there can be no respondeat superior liability for the judicially immune acts of a judge:

> as a general matter, there can be no respondeat superior liability where there is no underlying wrong by the employee, which includes situations in which the employee is immune to suit. Because judicial immunity bars any finding of individual liability against [the judge], the Superior Court similarly cannot be held liable for [the judge's] conduct. Thus, we affirm the district court's dismissal of the ADA claim against the Superior Court based on judicial immunity.

*Lund* and its guiding principles bar all of Szymborski's claims in this case. Those against the individual defendants are based on one of three things: (1) their own denials of his motions and petitions in his case, (2) the denial of a motion or petition in his case by other judges on their respective courts, or (3) their failure to force Judges Kishner or Atkin to grant the relief

---

[42] *Id*.

[43] *Id*. at 968.

[44] *Id*. at 972.

Szymborski requested from them by motion or otherwise during a hearing in his case. Similarly, his claims against the state, its agencies, the courts, the county, and its various arms all stem from their refusals to control or correct the behavior of these offending judges. For example, he claims that Judge Atkin's denial of his motion to reset trial constituted the Eighth Judicial District Court's violation of the ADA;[45] theorizes that the Nevada Court of Appeals violated the ADA and RA because it "had the authority to control and correct" the Eighth Judicial District Court judges' actions but instead "condoned" them;[46] recounts the Nevada Administrative Office of the Courts' failure to "instruct the [C]hief Justice to be following the ADA, Title 11, and instruct" the Nevada Court of Appeals "to remand Plaintiff's case with instructions to provide him with reasonable accommodations and effective communication as spelled out in the appeal and motion for reconsideration";[47] and alleges that the Nevada Supreme Court "has the responsibility for" and "ability to redress" Judges Kishner and Atkin's violations.[48] The bottom-line relief he seeks on page 100 of his complaint is for this court to enjoin the defendants from "committing or tolerating the violations" he alleges and to grant the relief he has been asking the state-court judges to provide him in his state-court litigation.[49]

Just as Lund's ADA claim against the Los Angeles Superior Court was barred by judicial immunity, these claims "must also fail."[50] And as the Ninth Circuit recognized in *Ashelman v. Pope*, if judicial immunity bars recovery, "no amendment could cure the deficiency and the

---

[45] ECF No. 5 at 15.
[46] *Id.* at 67.
[47] *Id.* at 76.
[48] *Id.* at 77.
[49] *Id.* at 100.
[50] *Lund*, 5 F.4th at 973.

12

action" is properly terminated on a motion to dismiss.[51] So I grant the defendants' dismissal motions, and I dismiss all of Szymborski's claims in this case without leave to amend based on judicial immunity.[52]

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **[ECF Nos. 10 and 16] are GRANTED**. This action is DISMISSED with prejudice and without leave to amend because all claims are barred by the doctrine of judicial immunity.

IT IS FURTHER ORDERED that the state defendants' motion to strike **[ECF No. 28]** and the plaintiff's motion for summary judgment **[ECF No. 30] are DENIED**.[53]

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
September 18, 2023

---

[51] *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

[52] Because I grant the motions on this basis, I need not and do not reach the defendants' remaining dismissal arguments.

[53] Although I deny Szymborski's motion for summary judgment, ECF No. 30, because it is mooted by the dismissal of all of his claims, his failure to meet his burden for the injunctive relief or summary judgment he requests in that motion supplies an independent and alternative basis for denial.